# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| DAVID LEE THOMAS, JR., | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:10CV694 |
| v. | ) | 1:07CR419-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner David Lee Thomas, Jr., a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 35.)[1] Petitioner was indicted on, and later pled guilty to, a single count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docket Nos. 1, 15, 16.) He was subsequently sentenced to 180 months of imprisonment based on his criminal record, which qualified him as an armed career criminal. (Docket No. 18.) Petitioner unsuccessfully pursued a direct appeal (Docket Nos. 29-31) before filing his current motion under § 2255. Respondent has filed a response seeking to have the motion denied (Docket No. 42), Petitioner has filed a reply (Docket No. 44), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

---

[1] This and all further cites to the record are to the criminal case.

## PETITIONER'S CLAIMS

Petitioner raises two possible claims for relief. He first argues that 18 U.S.C. §§ 922(g)(1) and 924(e) are unconstitutional because they violate his right not to be compelled to testify against himself as guaranteed by the Fifth Amendment of the United States Constitution. In the second, he asserts that his attorney provided ineffective assistance of counsel by not arguing that Petitioner did not have the requisite prior convictions to qualify as an armed career criminal.

## DISCUSSION

### Claim One

Petitioner's first claim alleges that the statutes under which he was charged violated his right not to testify against himself because, had he proceeded to trial, the jury would have been informed of his prior criminal record in order to establish that he was a convicted felon. He views this as "using [his] his own words from the prior convictions . . . to compell [sic] him to be a witness against himself in violation of the Fifth Amendment of the United States Constitution." (Docket No. 35, Claim One.) This claim is frivolous. Petitioner cites no authority in support of this claim and the Court knows of none. Further, the Fifth Amendment's privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." *Schmerber v. California*, 384 U.S. 757, 761 (1966). The government's introduction of prior convictions in order to prove a defendant's status as

a convicted felon under § 922(g)(1) is not "testimonial or communicative" on the part of the defendant. *United States v. Stauffer*, 156 F.3d 1241 (Table), 1998 WL 476709 (9th Cir. 1998) (unpublished case rejecting a claim that was the same as, or very similar to, Petitioner's). This claim should be denied.

**Claim Two**

Petitioner's second claim for relief alleges that he received ineffective assistance of counsel when his attorney did not challenge his status as an armed career criminal. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

The Armed Career Criminal Act, or ACCA, calls for a mandatory minimum fifteen-year sentence for persons convicted under 18 U.S.C. § 922(g) who already have three

previous convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e)(1). Here, Petitioner claims that he did not meet this standard because his prior conviction for Felonious Discharge of a Weapon into Occupied Property was not a "crime of violence" or violent felony. There are two problems with this argument. First, a "violent felony" is defined under the ACCA as "any crime punishable by imprisonment for a term exceeding one year. . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The elements of discharging a firearm into occupied property in North Carolina are "'(1) the willful or wanton discharging (2) of a firearm (3) into any building (4) while it is occupied.'" *State v. Canady*, 191 N.C. App. 680, 685 664 S.E.2d 380, 383 (2008)(quoting *State v. Jones*, 104 N.C. App. 251, 258, 409 S.E.2d 322, 326 (1991)), *rev. denied*, 363 N.C. 132 , 673 S.E.2d 662 (2009). The discharge of the firearm must be intentional and there must be an intent to fire at the building or to fire at a person, with the result being that a bullet enters an occupied building. The building must be one that the defendant knows, or reasonably should know, is occupied. *Id.* at 686, 664 S.E.2d at 383-384.

Using the categorical approach described in *Begay v. United States*, 553 U.S. 137 (2008), Petitioner's conviction involved on its face the use of physical force against another or, at the very least, conduct that presented a serious potential risk of physical injury to another. Petitioner attempts to argue that the discharge of the firearm was an accident.

-4-

However, arguing the particular facts of the crime is not proper where, as here, the crime of conviction is by definition a violent felony. *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991). Moreover, an "accidental" discharge would not meet the elements of the crime set out in *Canady*. Petitioner could not have been convicted based on an accidental discharge.

Next, as Petitioner's attorney points out in an affidavit filed in conjunction with the government's brief, Petitioner had four qualifying predicate convictions. (Docket No. 42, Ex. A.) Even if he could have successfully challenged one of them, Petitioner was still an armed career criminal. Petitioner argues that his conviction for attempted common law robbery would not qualify as a violent felony. However, this is also incorrect. North Carolina defines common law robbery as "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Parker*, 322 N.C. 559, 566, 369 S.E.2d 596, 600 (1988). The Fourth Circuit interprets "putting in fear" to meet USSG § 4B1.2's "threatened use of force" language.[2] *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991)(discussing "putting in fear" language from Maryland's robbery definition); *United States v. Humphries*, 147 Fed. Appx. 361 (4th Cir. 2005)(attempted common law robbery a "crime of violence"). Therefore,

---

[2] That provision defines "crime of violence" using a definition that is, for the purposes of this opinion, functionally equivalent to the ACCA's definition of a "violent felony."

attempted common law robbery in North Carolina is a crime involving the use, attempted use, or threatened use of force against the person of another and a violent felony under the ACCA.

In the end, Petitioner was an armed career criminal with four predicate offenses when only three were needed. His attorney had no valid arguments to use to challenge Petitioner's status. He did not err by not making a meritless objection and, in any event, could not have prejudiced Petitioner. Petitioner's second claim for relief should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 35) be denied and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: March 16, 2011